

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BIVEN J. JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. CV 08-08562-MLG<br><br>MEMORANDUM OPINION AND ORDER |

## I. Factual and Procedural Background

Plaintiff Biven J. Jones ("Plaintiff") seeks review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is affirmed.

Plaintiff was born on January 2, 1953. (Administrative Record ("AR") at 29). She has a high school education and relevant work experience as a telecommunications projects supervisor, power and framing supervisor, and communications technician. (AR at 29, 32).

Plaintiff filed an application for DIB on May 12, 2005, alleging

that she has been disabled since September 5, 1995, due to bilateral carpal tunnel syndrome, asthma, bronchitis, chest pain, disc disease of the lumbar spine, and depression.[1] (AR at 30-31, 314). The Social Security Administration denied Plaintiff's application at the initial and reconsideration levels. (AR at 300-04, 307-11).

At Plaintiff's request, a *de novo* hearing was held before Administrative Law Judge Dale A. Garwal (the "ALJ") on March 26, 2007. (AR at 960-77). Plaintiff was represented by counsel and testified in her own behalf. (AR at 960-77). A vocational expert also testified at the hearing. (AR at 971-75). On July 20, 2007, the ALJ issued a decision denying Plaintiff's application for DIB. (AR at 29-34). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date of disability (step 1);[2] (2) suffers from the severe impairments of chronic obstructive pulmonary disease, hypertension, and depressive disorder, NOS (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of light work;[3] (5) is unable to perform her past relevant work; but (6) is capable of performing other work that exists in significant numbers in

---

[1] Plaintiff filed a prior application for DIB on March 20, 1996. (AR at 29-30, 92-95). On December 18, 1997, an administrative law judge denied Plaintiff's application after a hearing. (AR at 30, 58-69). The Appeals Council denied review on May 19, 1999. (AR at 30, 54-55).

[2] The ALJ further found, however, that Plaintiff had substantial earnings for the years 1995, 1996, 2000, and 2005. (AR at 30).

[3] Specifically, the ALJ found that Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently, and can stand, walk, and sit six hours in an eight-hour workday. (AR at 31). Plaintiff is limited to performing simple, routine, repetitive tasks, and must avoid exposure to dust, odors, fumes, gases, pollutants, and extreme temperature changes. (AR at 31, 33).

the economy, including work as a bagger (garment) and garment folder. (AR at 31-34). Plaintiff's date last insured was December 31, 2002. (AR at 33). The Appeals Council denied review on October 27, 2008. (AR at 7-9).

Plaintiff commenced this action for judicial review on January 8, 2009. On October 15, 2009, the parties filed a Joint Stipulation. Plaintiff contends that the ALJ failed to present a complete hypothetical question to the vocational expert ("VE").[4] (Joint Stipulation at 8-10, 12-15). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 15). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 15). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more

---

[4] Plaintiff also claimed that the doctrine of res judicata did not apply to her mental impairment due to changed circumstances. (Joint Stipulation at 4-8). Plaintiff now concedes that this claim is moot. (Joint Stipulation at 8).

than a scintilla, but less than a preponderance. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

### III. The ALJ Posed a Complete Hypothetical Question to the VE

In considering the severity of Plaintiff's mental impairment, the ALJ applied a "special technique" in which he rated Plaintiff's psychiatric limitations on a four-point scale in the following four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. (AR at 32); *see* 20 C.F.R. § 404.1520a(c)(3-4). The ALJ determined that Plaintiff has moderate difficulties in maintaining concentration, persistence or pace, mild restrictions in activities of daily living, and mild difficulties in maintaining social functioning. (AR at 32); *see* 20 C.F.R. § 404.1520a(e)(1). Plaintiff contends that these findings were not adequately presented to the VE in the ALJ's hypothetical. (Joint Stip. at 8-10, 12-15). Specifically, the ALJ asked the VE to assume a person with Plaintiff's background and physical restrictions, who was limited to "simple routine tasks." (AR at 32, 973). Plaintiff contends that the ALJ's failure to include the restrictions in concentration, persistence, pace, daily living and social functioning in the

hypothetical was reversible error. The Court disagrees.

Plaintiff's argument conflates the ALJ's findings at Steps Two through Five of the sequential analysis.[5] The factors identified by the ALJ under the "special technique" are relevant in determining whether a claimant's mental impairment is severe at Step Two and whether it met or equaled a listed impairment at Step Three. *See* SSR 96-8p, 1996 WL 374184, *4 (S.S.A. 1996). At Steps Four and Five, a more detailed mental residual functional capacity assessment is required. *Id.* Although the ALJ is responsible for informing the VE about all of a claimant's limitations at Step Five, *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991), the ALJ is not obligated to repeat verbatim the findings made under the "special technique" in the hypothetical. *See, e.g., Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that the ALJ properly translated the claimant's specific mental functional limitations, including moderate limitations in concentration, persistence or pace, into "simple tasks"); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (holding that a Step Two threshold showing that a claimant's mental impairments are severe is not dispositive of the Step Five determination). An ALJ's hypothetical adequately captures a claimant's psychiatric limitations in concentration, persistence, or pace if the assessment in the hypothetical is consistent with restrictions identified in the medical evidence. *Stubbs-Danielson*, 539 F.3d at 1174; *accord Howard v.*

---

[5] The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4).

*Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("the ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [the claimant's] deficiencies in concentration, persistence, or pace").

Here, the ALJ's decision to include a restriction to simple, routine tasks in the hypothetical was a generous interpretation of the medical evidence. (AR at 32). For example, the state agency reviewing physician, Dr. Mallare, considered Plaintiff's depressive disorder, but concluded that Plaintiff did not suffer from a severe mental impairment. (AR at 779-92). Consequently, a mental residual functional capacity assessment was unnecessary and no psychiatric limitations were assessed. (AR at 779, 789). Further, although Plaintiff received psychiatric treatment during the relevant period, Plaintiff's treatment records fail to establish that Plaintiff had any work-related restrictions. (AR at 657-74); *see Stubbs-Danielson*, 539 F.3d at 1174. For these reasons, the ALJ's hypothetical limiting Plaintiff to simple, routine tasks more than adequately captured her limitations. Therefore, the ALJ properly relied upon the VE's opinion, and the conclusion that Plaintiff is not disabled is supported by substantial evidence in the record.

## IV. Conclusion

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED: November 24, 2009

MARC L. GOLDMAN
United States Magistrate Judge